

# THE ATTORNEY GENERAL
## OF TEXAS
### AUSTIN 11, TEXAS

GERALD C. MANN
~~XXXXXXXXXXXXXXXX~~
**ATTORNEY GENERAL**

*Overruled by
O-5823
where conflicts*

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. 0-4029
Re: Is the transfer of the right
to subscribe to stock taxable
under Article 15 of House Bill
8, Acts, Regular Session,
Forty-seventh Legislature,
where such right is not
evidenced by a "certificate for
rights to stock"?provided for
in such Act?

Your letter of September 22, 1941, submits for our opinion the
following question which we quote therefrom:

"I would appreciate your official opinion on the following
question which has been raised by the National Association of
Securities Dealers, Inc., District Committee No. 5, pertaining
to Article 15, of House Bill 8, this being the Stock Transfer
Tax Law.

"The act imposes a tax on sales of 'certificates for rights
to stock.' Is the transfer of the right to subscribe to stock
taxable where such right is not evidenced by a 'certificate
for rights to stock?'"

In our Opinion No. 0-4026, directed to you, this department
held that the s ale, agreement or contract to sell, delivery or
transfer upon the books of the corporation, of certificates
of subscription or "certificates for rights to stock" or of
the right, however manifested, of an original subscriber to
receive original issue stock, is a taxable transaction or
transfer within the incidence of the stock transfer tax levied
by Section 1 of the above cited Act, despite the fact that it
had been theretofore held by this department that such tax does
not apply to the original issuance of stock by a corporation.

As recognized in your inquiry, Section 1 of the Stock Transfer
Tax Act expressly levies and imposes a tax "on all sales,
agreements to sell, or memoranda of sales, and all deliveries

or transfers of * * * certificates for rights to stock."
But you desire to be advised if the transfer of the right to
subscribe to stock is a taxable transaction, where such right
is not evidenced or supported by the usual formal "certificate
for rights to stock," expressly named in the Act.

Article 34, Subdivision (f) of Regulations 71 of the U.S.
Treasury Department regarding sales and transfers of stock
(and similar interests) provides:

"The following are examples of transactions subject to the
tax: * * * (f) The transfer of the interest of a subscriber
for stock, however such interest may be evidenced or condi-
tioned upon further payments."

The same Regulations set out in Subdivision (g), as a trans-
action subject to the tax, "the transfer of the right to
subscribe for stock, whether or not evidenced."

Article 15 (1) of the Information Relating to the Stock
Transfer Tax Law issued by the Stock Transfer Tax Bureau of
the State of New York, gives, as an example of a taxable
transaction, "the transfer of shares of stocks whether or not
represented by certificate."

We think these established interpretations of substantially
identical provisions of the Stock Transfer Tax Laws of Federal
and State jurisdictions by the administrative officials, bureaus
and departments charged with the enforcement of said measures,
and in existence at the time of the enactment of the Texas
Stock Transfer Tax Law with similar provisions, must be deemed
to have been within the Legislative cognizance in the enactment
of said Act and is entitled to great weight in its interpretation.

Moreover, aside from these considerations, we think the bare
text of Section 1 of the Act impels our conclusion of the taxa-
bility of the instant transfer. We quote:

"Section 1. There is hereby imposed and levied a tax as
hereinafter provided on all sales, agreements to sell, or
memoranda of sales, and all deliveries or transfers of shares,
or certificates of stock, or certificates for rights to stock,
or certificates of deposit representing an interest in or
representing certificates made taxable under this Section in any
domestic or foreign association, company, or corporation, or
certificates of interest in any business conducted by trustee or
trustees made after the effective date hereof, whether made upon
or shown by the books of the association, company, corporation,
or trustee, * * *."

It is readily apparent from the foregoing that the legislative intent was to levy and impose an excise or privilege tax upon the transfer, by sale or gift, of "shares or certificates of stock or certificates for rights to stock," or certificates of subscription or any rights to subscribe for stock or for a future transfer of stock, howsoever such right may be evidenced, and whether evidenced or recorded by any instruments, agreements, stock certificate books or transfer records at all. In other words, it is the actual transfer of stock, or rights to subscribe for or receive stock which is taxable rather than the mere evidence of such right. We accordingly answer your question in the affirmative.

Trusting the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

s/ Pat M. Neff, Jr.

By

Pat M. Neff, Jr.
Assistant

PMN:ej/cg

APPROVED NOV. 7, 1941
s/ Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

Approved opinion committee
By BWB, Chairman